# Von Storch Estate.

*Executors and trustees—Commissions—Unconverted assets of estate.*

An executor and trustee will not be allowed commissions on the unconverted assets of an estate when he has done nothing to entitle him to such compensation.

A person acting as executor and trustee under a will is entitled to but one compensation. When this compensation is to be paid is to be determined by the circumstances existing in that particular case. Where an executor has done practically nothing with the unconverted securities, except to transfer them from one safe deposi-

tary to another, it cannot be determined what commission shall be paid for compensation for future service, to be rendered by the accountant, then acting as trustee.

Under such circumstances, it was proper to hold that the amount to be paid as compensation for the services rendered, as to the unconverted assets, should await determination until the accountant filed his account as trustee.

Argued March 1, 1926. Appeal No 18, February T., 1926, by exceptant, from decree of O. C. Lackawanna County, No. 1212, 1923, sustaining exceptions In re Estate of Arabella Von Storch, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Exceptions to adjudication. Before SANDO, P. J.

The opinion of the Superior Court states the case.

The Court sustained the exceptions to the Executor's Commission. The executor appealed.

*Error assigned* was the decree of the court.

*Edward J. Kelly,* and with him *John P. Kelly,* for appellant.—The executor was entitled to his commissions on the unconverted, as well as the converted, assets: Taylor's Estate, 17 District Reports 395; Lilly's Estate, 181 Pa. 478; Middleton's Estate, 66 Pa. Superior Ct. 55; Gongaware's Estate, 265 Pa. 512.

*C. A. Battenberg,* for appellee, cited: Barclay's Appeal, 32 P. L. J. 416; McCauseland's Appeal, 38 Pa. 466; Estate of Edward R. Price, 7 Montg. 35; Bergdoll's Estate, 25 D. R. 102; Fisher's Estate, 25 D. R. 362.

OPINION BY PORTER, P. J., July 8, 1926:

The will of decedent, after bequeathing pecuniary legacies amounting to eight thousand dollars, devised and bequeathed all her estate real and personal to her

son, Harry Von Storch, in trust, for the uses and purposes in the will definitely stated. The trust was an active one, vesting in the trustee discretion in the management of the estate, and of the will she appointed her said son executor. The executor immediately qualified and took charge of the estate. After six months had elapsed he filed an account as executor, it being his intention to have the estate, in accordance with the will, awarded to him as trustee, and thereupon to act as trustee in carrying out the intention of his mother expressed in her will. The inventory filed in the estate amounted to $47,516.44, with which amount and the interest received on the securities which it represented he charged himself in his account, the whole amounting to $48,894.69. He claimed credit in his account for commissions as executor, at the rate of five per cent on the entire $48,894.69, which commissions amounted to $2,444.73. Exceptions were filed by a party in interest to the amount of the commissions for which the accountant claimed credit, upon the ground that the charge was excessive. The evidence taken in the court below disclosed that there remained in the hands of the accountant unconverted assets, consisting of bonds and stocks, which it appeared by the inventory amounted to $38,808. The court sustained the exception as to the charge for commission in this amount and surcharged the accountant with $1,940.40, commissions on that part of the estate which had not been converted, and allowed commissions, at the rate of five per cent on the assets which had been converted. The accountant excepted to this ruling and here assigns it for error.

The evidence disclosed that it was the purpose of the accountant to retain the unconverted securities, investments which had been made by the decedent, as trustee under the provisions of the will. It is manifest that if it became necessary to convert any of these

securities in order to pay the pecuniary legacies, unless all such pecuniary legatees consented to accept the securities in kind at the valuation indicated by the appraisement, the accountant would have to sell the securities which he was not entitled to take as trustee and would have to file a supplemental account charging himself with the prices at which the securities were sold.

The contention of the appellant is that he was entitled to commissions at the rate of five per cent upon the whole amount of the estate without regard to what was subsequently realized out of the unconverted securities. Commissions are given as a compensation for labor and responsibility and when neither the one has been performed, nor the other incurred, there is nothing for which to be compensated. If an accountant has extra trouble entitling him to additional commissions, satisfactory evidence to that effect would doubtless result in an increased allowance, but this would not be measured by a percentage of the appraised value of uncollected items. There was no evidence in this case which would have warranted a finding that the appellant had extra trouble entitling him to additional compensation, in the form of commissions, upon the assets which had been converted. This being the case, he was not entitled to commissions on the unconverted assets: McCauseland's Appeal, 38 Pa. 466; Gongaware's Estate, 265 Pa. 512. The Fiduciaries Act of 1917, sec. 45, P. L. 477, provides: "In all cases where the same person shall, under a will, fulfill the duties of executor and trustee it shall not be lawful for such person to receive or charge more than one commission upon any sum of money coming into or passing through his hands, or held by him for the benefit of other parties; and such single commission shall be deemed a full compensation for his services in the

double capacity of executor and trustee.'' Section 49
(e) provides that whenever it shall appear, at the audit
and distribution of an estate in the Orphans' Court
that the balance, after payment of debts, includes
stocks, bonds or other securities, which for reasons
satisfactory to the court have not been converted by
the accountant, it shall be lawful for such court to di-
rect distribution of such assets in kind, to and among
those lawfully entitled thereto, including fiduciaries.
It thus appearing that the appellant is acting both as
executor and trustee under this will, he is entitled to
but one compensation. When this compensation is to
be paid is to be determined by the circumstances ex-
isting in that particular case. In the present case the
executor had done practically nothing with the un-
converted securities, except to transfer them from a
box in one safe depository to a box in another such
institution. It is, therefore, manifest that it cannot at
this time be determined what commission should be
paid, as compensation for future services to be ren-
dered by the accountant, then acting as trustee. This
being so, we are not convinced that the court below
abused its discretion in holding that the amount to be
paid as compensation for the services rendered as to
the unconverted assets should await determination
until the appellant accounts as trustee.

The decree is affirmed, without prejudice to the right
of the appellant to full compensation for his services
when he files his account as trustee.